DAVID GOMES vs. METROPOLITAN PROPERTY & CASUALTY
INSURANCE COMPANY.

No. 95-P-1598.

Norfolk. June 9, 1997. - June 4, 1998.

Present: KASS, SMITH, & LAURENCE, JJ.

*Insurance,* Construction of policy, Motor vehicle personal injury protection
benefits, Loss of wages. *Practice, Civil,* Motion to dismiss, Summary judg-
ment.

In an action brought by an insured against an insurer seeking lost wages under
the personal injury protection portion of a standard automobile insurance
policy, the judge did not err in concluding that the unequivocal language of
the policy as well as the provisions of G. L. c. 90, § 34A, obligated the
insurer to pay seventy-five percent of the insured's fifty-two week preacci-
dent average weekly wages, rather than seventy-five percent of the
plaintiff's actual weekly wages at the time of the accident. [30-31]

Where the parties in an action seeking a declaration interpreting language in
an insurance policy submitted only the issue of policy interpretation to the
court on a motion to dismiss, the judge erred in ruling on the parties' other
underlying claims alleging violation of G. L. c. 93A, deceit, and certifica-
tion of a class action pursuant to Mass. R. Civ. P. 23, without notice or a
hearing. [31-32]

CIVIL ACTION commenced in the Superior Court Department on
September 2, 1994.

A motion for summary judgment was heard by *Patrick F.
Brady,* J., and the case was heard by him.

*Mitchell R. Lyons* for the plaintiff.

*John A. Leslie* for the defendant.

SMITH, J. On February 19, 1994, the plaintiff was injured in
an automobile accident. At the time of the accident, the plaintiff
was insured under a standard Massachusetts automobile insur-
ance policy (policy) issued by the defendant, Metropolitan
Property & Casualty Insurance Company.

Prior to the accident, from November, 1991, until February

11, 1994, the plaintiff was employed by Crescent Ridge Dairy as a driver earning $420.17 per week. At the time of the accident, the plaintiff worked as a mover (on an as needed basis) with A & T/Northeast Movers, Inc. (A & T/Northeast), at the rate of $7.25 per hour, earning $121.28 per week.

As a result of the February 19, 1994, accident, the plaintiff was out of work from the date of the accident through June 27, 1994. The plaintiff made a lost wage claim to the defendant under the personal injury protection (PIP) portion of the policy.[1] The plaintiff sought payment of his lost wages, equaling seventy-five percent of his average weekly wages for the fifty-two week period prior to the accident ($323.37 per week). The defendant, however, interpreted the policy to state that it was obligated to pay only the lesser of seventy-five percent of the plaintiff's fifty-two week preaccident average weekly wages or seventy-five percent of the plaintiff's actual weekly wages at the time of the accident. Therefore, the defendant issued a wage calculation form which calculated the plaintiff's lost wages as his actual earnings from A & T/Northeast less twenty-five percent, and paid the plaintiff $90.96 per week in wage benefits.

The plaintiff brought a four-count complaint against the defendant. In count I, the plaintiff sought a judgment declaring that the defendant's interpretation of the lost wage benefits under the PIP coverage of the policy was erroneous. In count II, the plaintiff claimed that the defendant violated G. L. c. 93A and in count III, the plaintiff alleged that the defendant committed deceit. In count IV, the plaintiff requested the certification of a class action pursuant to Mass.R.Civ.P. 23, 365 Mass. 767 (1974), and G. L. c. 93A, § 9. In regard to count IV, after the commencement of the action, the plaintiff filed a motion requesting a hearing to certify a class, arguing that the defendant's misinterpretation of the lost wage portion of the automobile policy had caused many of the defendant's policy holders to have their lost wage benefits underpaid. The defendant filed its

---

[1]Part 2.B of the policy, providing compulsory insurance for PIP, describes the lost wage benefits, in relevant part, as follows:

"If an injured person is out of work because of the accident, we will pay lost wages up to 75% of his or her average weekly gross wage or equivalent for the year ending on the day immediately before the accident . . . ."

opposition to the plaintiff's request. In addition, the defendant filed a motion to dismiss the plaintiff's complaint pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 755-756 (1974), arguing that (1) its interpretation is consistent with both G. L. c. 90, § 34A, and the policy; and (2) the plaintiff suffered no cognizable harm even if the defendant's interpretation was found to be incorrect.

A Superior Court judge held a hearing on the plaintiff's motion to certify a class action, and the defendant's motion to dismiss the plaintiff's complaint. At the hearing, the parties agreed that there were no material facts in dispute regarding the interpretation of the insurance policy.

After listening to the arguments of counsel and reviewing the relevant materials, the judge issued a memorandum of decision. The judge stated that because the parties had agreed that there was no genuine issue of material fact concerning the interpretation of the insurance policy, he would convert the defendant's motion to dismiss to a motion for summary judgment. The judge then ruled in favor of the plaintiff's interpretation of the policy on count I, and ordered a judgment to issue declaring that the defendant's interpretation of the policy was in error; the policy "requires [the] defendant to pay 75% of the 52-week average wage for the year prior to the accident, less any wage continuation plan monies paid, up to the maximum benefit available."

The judge then considered the question of damages. He noted that the defendant's PIP coverage included a cap on total benefits of $8,000. From that coverage, both medical expenses and lost wage benefits (as calculated by the defendant) were paid. At the time of his decision, the judge determined that there was a $1,134.13 balance of benefits available under the policy. Because the defendant had paid that amount to the plaintiff, although subsequent to his filing the present action, the benefits available under the policy had been exhausted. Accordingly, the judge ruled that although the defendant's interpretation of the insurance policy was erroneous, the defendant's motion to dismiss on the damages phase of count I was allowed because the plaintiff did not suffer any harm.

The judge also found in favor of the defendant on the plaintiff's c. 93A and deceit claims, ruling that the defendant's interpretation, although incorrect, was not unreasonable and, in any event, that the plaintiff was not harmed.

With regard to the class certification issue, the judge

determined that because the plaintiff had not suffered any damages, the plaintiff was not similarly situated so as to represent other potential class members. Therefore, he found for the defendant in regard to the plaintiff's motion to certify a class.

The plaintiff appealed, claiming that the judge committed error when he ruled that there were no genuine issues of material fact and allowed summary judgment in favor of the defendant on counts II and III. The plaintiff also claimed error by the judge in denying his motion to certify a class. The defendant appealed, challenging the judge's decision that it had misinterpreted the language of the policy.

1. *Interpretation of the lost wage benefit in the policy.* The defendant claims that the judge committed error in his interpretation of the policy, and argues that language in G. L. c. 90, § 34A, supports its claim.[2] The defendant contends that the language of the statute specifically limits benefits to "wages 'actually lost by reason of the accident.' " It also contends that certain language in the policy which states that "[b]enefits are paid only for losses actually incurred within two years after the accident" controls. Therefore, the defendant argues, because the plaintiff was not actually earning the fifty-two week average weekly wage ($323.37) at the time of the accident, he should be limited to recovering a percentage of his actual income at the time of the accident ($90.96).

The judge ruled, however, that the defendant's interpretation of the policy, "although plausible, ignores the unambiguous language in Part 2.B [of the policy]" (see note 1, *supra*), and that

---

[2]General Laws c. 90, § 34A, states in pertinent part:

"Personal injury protection provisions of a motor vehicle liability policy . . . provide for payment to the named insured in any such motor vehicle liability policy . . . of all reasonable expenses incurred within two years from the date of accident . . . and in the case of persons employed or self-employed at the time of an accident of any amounts actually lost by reason of inability to work and earn wages or salary or their equivalent . . . except that payments for loss of wages or salary or their equivalent . . . shall be limited to amounts actually lost by reason of the accident and further limited . . . (2) in the case of persons not entitled to wages or salary . . . under any program for continuation of said wages or salary . . . to an amount that will provide seventy-five percent of any such person's average weekly wage or salary . . . for the year immediately preceding the accident . . . ."

the " 'losses actually incurred' language" cited by the defendant refers only to situations where the claimant also receives wage continuation coverage. The judge concluded, therefore, that the defendant's interpretation of the policy was incorrect, and that the plaintiff was entitled to seventy-five percent of his average weekly wages for the fifty-two week period prior to the accident.

"The policy is one prescribed by statute, with standard language controlled by the Division of Insurance." *Jacobs* v. *United States Fid. & Guar. Co.*, 417 Mass. 75, 76 (1994). "Because the language of the standard [auto] policy [in Massachusetts] is prescribed by statute and controlled by the Division of Insurance rather than the individual insurer, the rule of construction resolving ambiguities in a policy against the insurer is inapplicable. . . . Instead, [the court] must ascertain 'the fair meaning of the language used, as applied to the subject matter.' " *Bilodeau* v. *Lumbermens Mut. Cas. Co.*, 392 Mass. 537, 541 (1984) (citations omitted).

The language of the policy states unequivocally that the defendant will pay "lost wages up to 75% of his or her average weekly gross wage . . . for the year ending on the day immediately before the accident." The text of the policy does not deviate from G. L. c. 90, § 34A, which also says that an employed insured should receive seventy-five percent of his average weekly wages for the year immediately preceding the accident. See *Flanagan* v. *Liberty Mut. Ins. Co.*, 383 Mass. 195, 197 (1981) ("In measuring the wages actually lost of employed insureds, § 34A focuses on 75% of the insured's average weekly wages for the year immediately preceding the accident"). "Our construction of the explicit terms of the insurance policy in this case does not contravene the language or legislative policy of G. L. c. [90, § 34A]." *Alguila* v. *Safety Ins. Co.*, 416 Mass. 494, 497 (1993). Therefore, the judge did not commit error in ordering a judgment to issue declaring that the plaintiff's interpretation of the policy was correct.

2. *The judge's action on the other counts.* The plaintiff argues that the judge committed error when he converted the rule 12(b)(6) motion to a motion for summary judgment, and ruled in favor of the defendant on all the remaining claims. At the time of the hearing on the defendant's motion to dismiss the plaintiff's complaint, both parties agreed that there was no genuine issue of material fact regarding the interpretation of the

language in the policy. As submitted on the motion to dismiss for failure to state a claim for which relief could be granted, the judge could — as he did — interpret the insurance policy which had been made a part of the claim.

The parties had not, however, submitted the derivative claims for deceit, c. 93A, or the certification of a class. As to those claims, the judge owed the parties notice and a hearing. "[A] party is entitled to notice that a court intends to treat a rule 12(b)(6) motion as a motion for summary judgment and to an opportunity to present further material and be heard." *Capodilupo* v. *Petringa*, 5 Mass. App. Ct. 893, 894 (1977). The judge, therefore, committed error in not alerting the parties to his intentions. A new hearing is required at which the parties may present additional material on the question whether there exists a genuine issue of material fact on the other claims.

The judge's declaration that the plaintiff's interpretation of the insurance policy is correct may stand. However, the judgment in favor of the defendant on the damages aspect of count I and the other counts is vacated, and the matter is remanded to the Superior Court.

*So ordered.*