Coven, J.
This is an action to recover monies owed by the defendant for the purchase of goods on a retail store credit card. The plaintiff is the assignee of the debt. Summary judgment was entered for the plaintiff on its complaint, and the defendant’s counterclaims were dismissed pursuant to Mass. R. Civ. R, Rule 12(b)(6).
The record indicates that the defendant obtained a Lechmere credit card, issued by Hurley State Bank, in 1980. On June 6, 2000, the defendant received a letter from plaintiff Norfolk Financial Corporation ("Norfolk”) stating that she owed monies on her Lechmere account. After her failure to respond to its letter, Norfolk commenced this suit as a small claims action on August 8, 2000. The defendant filed an answer and counterclaimed, inter alia, for Norfolk’s alleged abuse of process, breach of the implied covenant of good faith and fair dealing, violations of G.L.c. 106, §1-203 and c. 93, §49, and misrepresentation and unfair and deceptive practices in violation of G.L.c. 93A. Because the defendant’s answer also included a demand for jury trial, the case was transferred to the regular civil docket on Norfolk’s motion.
Norfolk filed a Mass. R. Civ. R, Rule 56, motion for summary judgment supported, inter alia, by the affidavit of one of its employees, Ilir Miftari (“Miftari”). Miftari averred that the defendant was indebted on her Lechmere account in the amount of $1751.18; she had defaulted on her payments; Norfolk was the assignee of the defendant’s Lechmere account; and the agreement accompanying the defendants original credit card permitted recovery by Norfolk, as assignee, of collection costs and attorney’s fees. The defendant moved unsuccessfully to strike the affidavit on the grounds that it was inadmissible hearsay. On June 29,2001, the trial court entered summary judgment for Norfolk on its complaint, ruling that the defendant had no defense to the contract claim. The judge also dismissed the defendant’s counterclaims under Rule 12(b) (6) on the ground that there was no basis in law or in fact for the claims.
On this Dist./Mun. Cts. R. A. D. A, Rule 8C, appeal, the defendant now argues that the motion judge erred in (1) failing to follow the proper standard in entering summary judgment on the complaint; (2) awarding attorney’s fees to Norfolk; (3) *154 converting Norfolk’s 12(b) (6) dismissal motion to one for Mass. R. Civ. R, Rule 56, summary judgment on her counterclaims; (4) transferring the small claims action to the regular civil docket; and (5) failing to dismiss Norfolk’s claims under Mass. R. Civ. R, Rule 41(b) (2).
1. In her opposition to Norfolk’s motion for summary judgment, the defendant objected to the affidavit of Ilir Miftari as inadmissible hearsay.[1] An affidavit made in connection with a summary judgment motion must be made upon personal knowledge. Mass. R. Civ. R, Rule 56(e). See White v. University of Massachusetts at Boston, 410 Mass. 553, 558 (1991). Miftari averred that he was “an account representative of the plaintiff Norfolk Financial Corp. and [was] familiar with the books and records of the plaintiff as they are kept in the ordinary course of the plaintiff’s business.” Miftari’s personal knowledge was knowledge of Norfolk’s business; he did not purport to have personal knowledge of the books and records of the assignor, Lechmere/Hurley State Bank (“Lechmere”).
The credit card account statements obtained by Norfolk from Lechmere are, however, admissible under G.L.c. 233, §78, the Business Records Act. By that statute, a business record is a record made in the regular course of business and prepared by a person responsible for making accurate entries.[2] Business records are allowed because of their “presumed reliability.” Commonwealth v. LaPlante, 416 Mass. 433, 442 (1993). For a record to be admissible, it must first satisfy the statutory requirements of a business record that the record was made (a) in good faith, (b) in the regular course of business, and (c) before the commencement of the legal action; and (d) that it was the regular course or practice of the business to make such records. G.L.C. 233, §78. DiMarzo v. Amer. Mut. Ins. Co., 389 Mass. 85, 105-106 (1983); NationsBanc Mortg. Corp. v. Eisenhauer, 49 Mass. App. Ct. 727, 733 (2000). After these four requirements are met, the burden is on the proponent of the evidence to demonstrate further that the information contained in the business record was either originally reported to the preparer as a matter of business duty, or that it falls into a separate exception to the hearsay rule. Irwin v. Ware, 392 Mass. 745, 749 (1984); Wingate v. Emery Air Freight Corp., 385 Mass. 402, 406 (1982). In this case, the Lechmere records were made before this civil action commenced and can be reasonably inferred to have been made by an account representative at Lechmere in the ordinary course of recording accurate account balances, including the receipt of payments. Id. at 407.
The trial court properly considered the Lechmere account statements based on Miftari’s affidavit. While Miftari did not assert knowledge of Lechmere’s accounting practices, he was an account representative at Norfolk, Lechmere’s assignee. One business may rely on the records of another provided that each has an indicia of reliability. Id. Furthermore, on a motion for summary judgment, if the plaintiff asserts in sworn affidavits that all records were kept in the ordinary course of *155 business, and the defendant offers nothing by way of counter-affidavit to dispute the manner in which they were kept, the records are to be considered as evidence of the facts stated therein. Federal Deposit Ins. Corp. v. Csongor, 391 Mass. 737, 742 (1984). The Lechmere account statements were properly admitted by the trial judge under the business records exception to the hearsay rule.[3]
2. However, Miftari’s averment that the model Lechmere credit card agreement, which provided for attorney’s fees and costs, was sent with every credit card issued was hearsay and was thus inadmissible as an evidentiary basis for the attorney’s fees and costs awarded herein. Wingate v. Emery Air Freight Corp., supra at 406. Further, no other evidence was advanced by Norfolk to demonstrate that the model credit card agreement was in fact routinely sent to every credit card holder. There was no evidence as to who processed the initial credit card agreement between the defendant and Lechmere, when it was processed, where it was processed, or if it was even Lechmere’s practice to send the model agreement with every credit card.[4] Norfolk did not present a copy of the original credit card agreement signed by the defendant. The averments made by an employee of Norfolk, and not Lechmere, were insufficient to establish that the model agreement was actually sent with the defendant’s credit card. On the state of the record, Norfolk was not entitled to summary judgment on its claim for attorney’s fees and collection costs which it claims were part of the credit card agreement with the defendant. A trial on this issue is required.
3. In allowing Norfolk’s Rule 12(b) (6) motion to dismiss the defendant’s counterclaims, the judge ruled that there was no basis in law or fact for those claims. We agree.
The essence of the counterclaims is that Norfolk’s legal counsel was also a principal of Norfolk, and was allegedly engaged in unfair and deceptive debt collection practices. Under G.L.c. 93, §49, no attorney for a creditor can collect a debt in an unfair, deceptive or unreasonable manner. A collection practice would be unfair, deceptive or unreasonable if the creditor communicated the debt to a person other than the debtor, contacted the debtor after a letter from that debtor’s attorney, or communicated with a debtor in a harassing manner, including communications at an unreasonable hour, with unreasonable frequency, by threats of violence, or by use of offensive language. G.L.c. 93, §49. Pursuant to G.Lc. 93A, §2, a business practice is unfair and deceptive, and thus unlawful, when it entails conduct that is immoral, unethical, or within the confines of a common law or statutory concept of unfairness. Ellis v. Safety Ins. Co., 41 Mass. App. Ct 630, 640 (1996); Levings v. Forbes & Wallace, Inc., 8 Mass. App. Ct 498, 503-504 (1979). Nothing in tiie record suggests that Norfolk engaged in any unfair conduct or took any action not usually taken in the course of acceptable debt collection practice, and the defendant points to no case law that would support any conclusion to the contrary.
The record also fails to support the defendant’s remaining contention with respect to her counterclaims that the judge unfairly converted Norfolk’s Rule *156 12 (b) (6) motion into one for summary judgment without appropriate notice to the parties. Generally, if matters outside the pleadings are considered in deciding a Rule 12(b) (6) dismissal motion, the motion is treated as one for summary judgment under Mass. R. Civ. R, 56, and each party is afforded a “reasonable opportunity” to prepare and present pertinent material. Gomes v. Metropolitan Prop. & Cas. Ins. Co., 45 Mass. App. Ct. 27, 32 (1998). However, the judge’s ruling in this case that there was no basis in fact or law for the defendant’s counterclaims constituted the standard Rule 12(b) (6) determination that dismissal of the counterclaims was required because they failed to state a claim upon which relief could be granted. Given that ruling, there is no basis upon which to conclude that the court ever converted Norfolk’s motion to dismiss into a Rule 56 motion for summary judgment and no merit to the defendant's contention that she was unfairly deprived of notice and an opportunity to present Rule 56 materials.
4. It is within a trial court’s discretion to transfer a small claims action to the regular civil docket. G.L.c. 218, §24. Rarely should a request for such transfer be denied, as the small claims procedure is intended to be an alternative, and not exclusive, remedy. Daum v. Delta Airlines, Inc., 396 Mass. 1013, 1014 (1986); Boat Maintenance & Repair Co. v. Lawson, 50 Mass. App. Ct. 329, 332-333 (2000).
A defendant may appeal the judgment of a small claims action heard before a clerk-magistrate to a jury of six. G.L.c. 218, §22. This case, however, was originally scheduled for hearing as a small claims action by a judge rather than a clerk, and any judgment entered could not have been appealed to a jury. The case was thus transferred to the civil docket to preserve the defendant's right to a jury trial, which she had demanded in her answer. Accordingly, we find no abuse of discretion in the G.L.c. 218, §24 transfer of this action.
5. A plaintiffs claim may be involuntarily dismissed in the court’s discretion under Mass. R. Civ. R, Rule 41(b) (2), “if the plaintiff has failed to comply with the rules [of civil procedure] or any order of the court.” There is nothing in the record to suggest any such non-compliance by Norfolk herein. After the presentation of a plaintiff’s case in an action tried without a jury, a plaintiff’s claim may also be dismissed on a Rule 41(b) (2) motion by the defendant “if the plaintiff has shown no right to relief based on the facts and the law.” As Norfolk was entitled as a matter of law to summary judgment on its contract claim against the defendant, there was clearly no ground for a Rule 41(b) (2) dismissal of that claim. Further, the issue of Norfolk’s right to attorney’s fees has yet to be tried. In short, there is no merit to the defendant's Rule 41(b) (2) contentions on this appeal.
The court’s Rule 12(b)(6) dismissal of the defendant’s counterclaims is affirmed. The allowance of Norfolk’s summary judgment motion on its complaint is affirmed as to liability for the credit card balance, and this case is returned to the Lynn Division for trial on the remaining question of attorney’s fees and costs.
So ordered.

 The defendant contends, inter alia, that the record is not admissible because the affiant, Ilir Miftari, was neither an employee of Lechmere/Hurley State Bank, nor did he have first-hand knowledge of the credit account in question.

 G.L.c. 233, §78 reads, in pertinent part: “An entry in an account kept in a book or by a card system or by any other system of keeping accounts, or a writing or record... made as a memorandum or record of any act, transaction, occurrence or event, shall not be inadmissible in any civil... proceeding as evidence of the facts therein stated because it is transcribed or because it is hearsay or self-serving, if the court finds that the entry, writing or record was made in good faith in the regular course of business and before the beginning of the civil... proceeding aforesaid and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter.”

 Support for this conclusion can be drawn from an analysis of negotiable instruments under G.L.c. 106, §§3-203 and 3416 of the Uniform Commercial Code. With the purpose of transferring the right to enforce an instrument, the code allows for the transferee [Lechmere] to give the right of enforcement to the transferor [Norfolk], warranting that the transferee was the party entitled to enforce the instrument, and that the instrument has not been altered. Thus, in accordance with the purpose of the Code, the statements provided by Lechmere to Norfolk would be deemed reliable and would be admissible in collection attempts on the instrument.

 In Irwin v. Ware, supra at 749, the Court held that no showing of reliability was made because no evidence was introduced as to who drew or labeled test blood samples, how they were drawn, or where they were drawn, and thus the evidence was inadmissible.