LoConto, P.J.
This is an appeal by the plaintiff of the dismissal of its complaint, with prejudice, and the imposition of sanctions by the trial court. The trial court’s decision and order were made during a case management conference. The defendant, who appeared pro se before the trial court judge, filed no appellee’s brief and did not argue before the Appellate Division. For the reasons stated below, we order that the dismissal and order to pay sanctions be vacated.
The facts necessary for an understanding of the issues are as follows. Plaintiff Beneficial Massachusetts, Inc. (“Beneficial”) commenced this action against the defendant, Robert D. Jacquart (“Jacquart”), who answered Beneficial’s complaint by claiming that he owed Beneficial nothing. Pursuant to Joint Standing Order 1-04 of the District Court Department, a case management conference was scheduled on November 4, 2009. Jacquart appeared pro se and represented to the court that he had paid the underlying obligation. In support of this contention, he produced a photocopy of what he claimed to be a check dated April 17, 2008. It was made payable to the law firm of Beneficial’s counsel, and the memo line on the check stated: “Final Payoff for Beneficial Account.” During a recess of the case management conference, counsel for Beneficial spoke with his firm’s director of finance, who could not confirm receipt of the payment. Following a lengthy discussion in open court, the judge informed the parties that as Jacquart had presented evidence of payment, the complaint would be dismissed and Beneficial would be required to pay costs in the amount of $150.00 to Jacquart for his lost wages in defending against this suit. The ruling and order were entered on the case management report.
Guidelines for civil caseflow management are contained in the Standing Orders of the District Court. Specifically, District Court Joint Standing Order 1-04, §III(B) sets forth the purpose of the case management conference, stating:
The purpose of the Case Management Conference shall be to (1) dis *239 cuss settlement progress and opportunities for settlement, and offer early intervention alternative dispute resolution; (2) consider case management orders proposed by any party, or by the court, regarding limitation or sequencing of discovery events, disclosure or limitation of expert witnesses, motion briefing, and other matters that would reduce expense and delay of litigation, and enter appropriate orders; (3) enter judgment for relief or dismissal, and schedule hearing for assessment of damages if necessary; and (4) assign a firm date for pretrial conference for all cases which are not yet ready for trial; (5) assess the trial-readiness of cases; (6) assign a firm trial date for cases that are ready for trial.
Dismissal, as contemplated by section (3), would be appropriate where the plaintiff failed to attend a case management conference, the counterpart to a default for the defendants failure to appear at a scheduled conference. In this case, during the case management conference, the judge made inquiries as to the sufficiency of the evidence supporting Beneficial’s claim, and determined that the photocopy of the check offered by Jacquart was evidence of his defense that he had paid the debt in question in full. Further, the court found the evidence to be both credible and sufficient to rebut Beneficial’s complaint, and then dismissed the complaint with prejudice. In considering the merits of the pleadings, the court effectively transformed a case management conference into a hearing on an oral Mass. R. Civ. R, Rule 12(b) (6) motion to dismiss without prior notice to the parties.
Further, in basing its ruling on Jacquards photocopy of the check, the court considered material beyond the pleadings, thus transforming any Rule 12(b)(6) dismissal inquiry into one pursuant to Mass. R. Civ. R, Rule 56 for summary judgment. Rule 12 (b) (6) expressly provides that “if, on any motion... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.” In such circumstances, the parties are entitled to notice and an opportunity to present material pertinent to a summary judgment motion. Gomes v. Metropolitan Prop. & Cas. Ins. Co., 45 Mass. App. Ct. 27, 32 (1998). See also Stop & Shop Cos. v. Fisher, 387 Mass. 889, 892 (1983) (conversion of motion to dismiss to motion for summary judgment improper where plaintiff had no practical opportunity to present relevant materials); White v. Peabody Constr. Co., 386 Mass. 121, 127 (1982) (purpose of notice requirement to prevent surprise and provide adequate opportunity to present relevant materials). Beneficial was entitled to notice of the court’s intent to treat Jacquards assertion and check photocopy as the equivalent of a summary judgment motion to ensure the Beneficial had an adequate opportunity to present additional materials. Beneficial was denied that opportunity. Although its attorney was able to contact his office during a recess, he was unable by means of that one telephone call to confirm that the payment allegedly sent by Jacquart was ever received. Beneficial was not given an adequate opportunity to confirm payment, or to investigate and present evidence of nonpayment in opposition to what the trial court treated as a summary judgment motion.
We express no opinion regarding the sufficiency of Beneficial’s claim, Jacquards defense, or the weight of the evidence in this case. What we do and must conclude is that it was beyond the scope of a case management conference for the trial court to consider matters of the credibility and weight of evidence. Both the dismissal of *240 the complaint and the order imposing sanctions were error.
Accordingly, the judgment for defendant Jacquart, the dismissal of Beneficial’s complaint, and the order for sanctions against Beneficial are vacated. The case is returned to the Westborough Division of the District Court Department for the scheduling of a new case management conference.
So ordered.