BOAT MAINTENANCE & REPAIR CO. vs. BRUCE LAWSON.

No. 99-P-210.

Bristol. August 22, 2000. - October 25, 2000.

Present: KASS, DREBEN, & GELINAS, JJ.

*District Court,* Small claims procedure, Jurisdiction. *Practice, Civil,* Small claims procedure. *Uniform Small Claims Rules.*

A clerk-magistrate was without authority under G. L. c. 221, § 62C(*b*), to rule on a contested motion filed by a defendant in a small claims action seeking to transfer the matter to the regular docket of the District Court because the defendant's counterclaim exceeded the small claims jurisdictional amount; the proper course of action would have been to refer the motion to a judge for hearing and findings. [332]

A motion filed by a defendant in a small claims action, seeking to transfer the matter to the regular docket of the District Court because the defendant's counterclaim exceeded the small claims jurisdictional amount, should have been allowed [332-333], and, where denial of the motion reduced the counterclaim on appeal to $2,000 and subjected the defendant to the prima facie effect of the clerk-magistrate's decision, the defendant was entitled to transfer of the case to the regular docket for further proceedings [333].

CIVIL ACTION commenced in the Taunton Division of the District Court Department on October 15, 1997.

A motion for reconsideration was heard by *Kevan J. Cunningham*, J., and an appeal to the jury session was tried before *Deborah A. Dunn*, J.

The case was submitted on briefs.

*James M. Milligan* for the plaintiff.

*Bruce A. Lawson*, pro se.

GELINAS, J. In the spring of 1997, Bruce Lawson, of Waltham, acquired a 1954 Chris Craft Riviera Runabout. The hull was in need of restoration. Lawson hoped that, when restored, the boat would meet the "hundred point antique boat standards" established by the Antique and Classic Boat Society. Kenneth Macolini, doing business as Boat Maintenance & Repair Co.

(Macolini), agreed to do the needed restoration work at his yard in South Easton. There was considerable discussion between the two regarding the quality and the cost of the restoration work, both before and as the work was being performed. Things did not go well. Lawson claimed that, among other defects, Macolini replaced portions of the original hull's straight-grained Philippine mahogany with a wild-grained Honduras mahogany, resulting in an unsightly difference in color and texture on the hull. The defective workmanship, Lawson claimed, kept the boat from achieving the desired one hundred point status, and required him to spend a considerable amount of money to remediate and complete the restoration. Lawson also claimed that the cost of Macolini's work far exceeded the original agreed estimates.

Lawson removed his boat from the yard. Macolini, claiming an "outstanding balance for services rendered," brought a small claims action in the Taunton District Court, seeking $1,608.65 in damages.

*The small claims proceedings.* Lawson filed an answer[1] in which he denied Macolini's claim, and set forth a counterclaim of $10,000, well above the $2,000 jurisdictional amount set for small claims in G. L. c. 218, § 21.

The matter came on for hearing before the clerk-magistrate of the court on December 4, 1997. See G. L. c. 218, §§ 21, 22. Lawson, just prior to the beginning of the hearing, submitted a handwritten motion to transfer the case to the regular docket of the District Court, captioned "Motion to Transfer to Regular Civil Docket." As reason, Lawson's motion stated, "Plaintiff wishes to pursue Counterclaim in excess of statutory limit of Small Claims Court."

The clerk-magistrate denied Lawson's motion to transfer, without written findings. He heard the case, and rendered judgment for Macolini in the amount of $688.65 damages and $19.00 costs. Lawson received notice of the denial of his motion at the hearing. Notice of the adverse judgment arrived on December 30, 1997. On January 6, 1998, Lawson claimed an appeal to a District Court jury of six under G. L. c. 218, § 23; the appeal was timely filed and complied with the statute in all respects. Three weeks later Lawson filed a motion in the District

---

[1]In a small claims case, a defendant may, but need not, file a written answer. Rule 3(b) of the Uniform Small Claims Rules (1983).

Court seeking reconsideration of the denial of his motion to remove the case to the District Court's regular civil docket. After some postponement, at the request of Macolini because he wanted to contest the motion and was in Florida, a judge in the Taunton District Court heard both parties and denied the motion, again without written findings.

At a later date, the appeal was heard in the Taunton District Court, before a jury of six and a different judge. As permitted by G. L. c. 218, § 23, Macolini introduced the magistrate's decision in his favor as prima facie evidence.[2] The trial judge further instructed the jury that, should they find in favor of Lawson on his counterclaim, damages could not be assessed for more than $2,000, as "[t]here is a two thousand dollar limit for any small claim." The jury returned a verdict in favor of Macolini for $1,476.78 damages and $19.00 costs, and a verdict in favor of Macolini on Lawson's counterclaim.

*The appeal.* Lawson, appearing pro se as he did throughout the District Court proceedings, appeals the jury verdict. At the outset, we note that, even with a most generous reading of Mass.R.A.P. 16 (a)(4), as amended, 367 Mass. 921 (1975), Lawson's brief does not comply with that rule. Under the heading "Statement of Issues," he states four claims of error, but neither argues nor offers legal authorities with respect to these claims. The "arguments" Lawson sets forth merely claim that the jury erred in not accepting his version of the evidence; they do not rise to the level of appellate argument, and we need not pass on them. See Mass.R.A.P. 16 (a)(4). On his appeal pro se, Lawson is "held to the same standards as litigants who are represented by counsel." *Maza* v. *Commonwealth,* 423 Mass. 1006, 1006 (1996).

However, the first issue raised by Lawson, that the motion judge erred in denying his motion to transfer the case to the regular civil docket of the District Court, raises an important point of small claims procedure that requires clarification. We, therefore, consider it.

---

[2]The trial judge instructed the jury, both before and after the evidence, that "you are bound by [the] clerk's decision and you must find the same way unless, after this trial you find that there is believable evidence introduced to the contrary. If you find there's believable evidence to the contrary, then you may go on and make a decision independent of the magistrate, but you may consider the magistrate's decision in making your own." This language comports essentially with the District Court model jury instructions. See Model Jury Instructions for Use in the District Court (1997).

*The motion to remove to the regular civil docket.* The clerk-magistrate's consideration and denial of Lawson's initial motion, pursuant to G. L. c. 218, § 24, and Rule 4 of the Uniform Small Claims Rules (1983), to remove the case to the regular civil docket, was improper. While clerk-magistrates are authorized to hear and decide small claims, see G. L. c. 218, §§ 21 and 22, their authority to hear and rule on motions is limited by G. L. c. 221, § 62C(*b*). Motions upon which a clerk-magistrate may act must be (1) uncontested, (2) non-evidentiary, and (3) specifically allowed by rule of court.[3] Although Lawson's motion was non-evidentiary in nature, the record reflects that the motion was contested. Macolini initiated the matter as a small claim. We have no doubt of his interest in keeping the matter there; he strongly opposed Lawson's motion for reconsideration. As to the requirement that there be court authority to hear motions to transfer to the regular civil docket, we find no rule of court, and counsel for Macolini suggests none, authorizing a clerk-magistrate to act on motions brought pursuant to G. L. c. 218, § 24, and rule 4. In this instance, the proper course of action required the clerk-magistrate to refer the motion to a judge for hearing.

The motion to transfer should have been allowed. Lawson had asserted a counterclaim of $10,000. Keeping the case in the small claims session automatically resulted in reducing Lawson's counterclaim to the statutory small claims jurisdictional amount of $2,000.[4]

The denial further subjected Lawson to the clerk-magistrate's finding for Macolini as prima facie evidence in the subsequent jury trial, without giving Lawson an opportunity to test the legal sufficiency of that finding on appeal. This was error. As

[3]General Laws c. 221, § 62C(*b*), as inserted by St. 1978, c. 478, § 250, provides that "[a] magistrate . . . may: . . . (b) hear and rule on any uncontested non-evidentiary motion as may be allowed by rule of court."

[4]That defendants in small claims actions who become plaintiffs in counterclaim are limited to recovery of $2,000 is supported by Uniform Small Claims Rule 3(c) (1983), which provides that "the defendant may set forth any claim which he has against the plaintiff within the jurisdiction of the court in small claims cases." The statutory limit of $2,000 is jurisdictional. See G. L. c. 218, § 21. In this case the trial judge followed the Model Jury Instructions for Use in the District Court (1997), specifically telling the jury that if they were to find in favor of the defendant in his counterclaim, damages would be limited to $2,000. We see no error in this instruction or in the Model Jury Instructions' advice on this issue.

the court stated in *Daum* v. *Delta Airlines, Inc.*, 396 Mass. 1013, 1014 (1986), "[Because a] defendant must be given the opportunity to test the sufficiency of the evidence in support of a District Court finding if it is to be given prima facie effect at a subsequent jury trial," motions to transfer to the regular civil docket of the District Court should "rarely, if ever," be denied.[5] On these facts, "[u]nder G. L. c. 218, § 24, and Rule 4 of the Uniform Small Claims Rules (1983), as interpreted in *Daum*[, *supra*], the defendant was entitled to allowance of his motion to transfer this small claims case to the regular District Court docket." *Gozzo* v. *Anglin*, 31 Mass. App. Ct. 936, 936 (1991).

In addition, no findings accompanied either the denial of the motion itself or the motion to reconsider. "In view of that strict standard for denial of a request for transfer to the regular docket, the judge should indicate why it is that the case falls into the exceptional category of those as to which removal may be denied." *Id.* This case is unlike *Lyons* v. *Kinney System, Inc.*, 27 Mass. App. Ct. 386 (1989), in which we held, at 389, that it was within a judge's discretion to deny a motion to transfer "when the motion seeks transfer to accomplish a purpose that can be wholly satisfied in the small claims session." Here the denial resulted in a reduction of Lawson's counterclaim by $8,000.

We are mindful that Lawson had an opportunity to present his evidence on two occasions, first to a clerk-magistrate and then to a jury of six. We are also mindful that, in fact, the jury chose to disregard the clerk-magistrate's decision on the issue of damages, finding for Macolini in an amount more than twice that of the clerk-magistrate. We cannot speculate, however, about what effect the clerk-magistrate's decision on the issue of liability, and Lawson's seeming willingness to accept a limited recovery, might have had on the jury's perception of his evidence.

*Judgment reversed.*

---

[5]Contrast Small Claims Standard 5:01 (1984): "Transfers of small claims to the civil docket should be done sparingly." This standard should now be read in light of the decisions in *Daum* v. *Delta Airlines, Inc., supra*, and *Gozzo* v. *Anglin*, 31 Mass. App. Ct. 936 (1991).