LoConto, P.J.
Aggrieved by the decision of the trial judge, the defendant, Hing-ham Mutual Fire Insurance Company (“Hingham”), brought this Expedited Appeal pursuant to Rule 8A of the District/Municipal Courts Rules for Appellate Division Appeal. The facts necessary for an understanding of the issues, as taken from the summary of the undisputed facts and the pleadings, are as follows. The plaintiff, Robert Taylor, brought a two count complaint against Hingham for damages he claims were sustained to his home in Cummington, Massachusetts. The first count sought damages under chapter 93A and the second count alleged a breach of contract. Hingham admitted in its answer that at the time of the alleged loss, the plaintiff was insured under a homeowners policy it issued and identified said policy by a specific policy number. However, it denied liability for any loss the plaintiff may have sustained. An affirmative defense that the plaintiffs claim was barred by the statute of limitations was raised by Hingham’s answer and the issue constituted the substance of the contested evidence. However, it is not an issue for appellate review.
Hingham’s basis for appeal is twofold. One, it claims error in the trial judge’s denial of its motion at the close of the plaintiffs case to dismiss the complaint because the plaintiff failed to introduce the insurance policy into evidence at trial. Hingham claims that the plaintiff failed in its burden to establish the contract between the parties and that the alleged loss was within the description of losses covered by the policy. Second, it claims error in the denial by the trial judge of its request for a ruling that asked “[o]n the evidence submitted, a finding is required for the defendant as the defendant did not breach its contract with the defendant.”
“It is a matter of black letter law in this Commonwealth that in an action upon a policy of insurance, the insured has the burden of proving that his loss falls within the insuring clause of the policy.” Metivier v. Liberty Mutual Ins. Co., 1999 Mass. App. Div. 88, 89. This burden requires proof that the policy was issued and that by its terms it covers the claimed loss. Employers’ Liability Assurance Corp. Ltd. v. Hoechst Celanese Corp., 43 Mass. App. Ct. 465 (1997). Proof that a policy of insurance exists is insufficient. The insured must prove the terms of that policy and that the loss was within the description of the risks covered. Highlands Ins. Co. v. Aerovox Inc., 424 Mass. 226 (1997). “Once the loss is placed within the insuring clause, the insurer then has the burden of proving that the cause of the loss is excepted from coverage by contract exclusion or otherwise.” Murray v. Continental Ins. Co., 313 Mass. 557 (1943).
*305 At argument and by his brief, the plaintiff relied upon Hingham’s answer to the plaintiffs complaint that a policy existed and to the testimony of the parties at trial, to satisfy his burden that the loss falls within the insuring clause of the policy. However, in a Rule 8A appeal, we are bound by the evidence, facts and other material presented for consideration to the appellate court. The Expedited Appeal is devoid of any evidence that may have been presented or ruled upon by the trial judge and preserved for appellate review on this issue, other than reliance upon the defendant’s answer. The answer of the defendant, alone, is insufficient to meet that burden. We cannot rely upon an assertion contained in the brief that testimony would support the plaintiffs burden. At the close of the plaintiffs case, a required finding for the defendant should have been entered. Therefore, we order the clerk of the trial court to vacate the judgment against the defendant on count II of the plaintiffs complaint and enter judgment for the defendant.