Wright, J.
This is a G.L.c. 90, §34M action by plaintiff Sonogram of New England, Inc. (“Sonogram”) to recover, as an unpaid provider, Personal Injury Protection (TIP”) benefits for a medical service rendered to the defendants insured as part of the treatment of injuries she sustained in an automobile accident The trial court allowed a Mass. R. Civ. R, Rule 41 (b) (2), motion by defendant Metropolitan Property and Casualty Insurance Company (“Metropolitan”) for involuntary dismissal solely on the ground of Sonogram’s failure to introduce the insured’s automobile insurance policy into evidence. Sonogram filed this Dist/Mun. Cts. R A D. A, Rule 8B, appeal.
Sonogram initially brought a small claims action against Metropolitan to recover $1,053.00 for the unpaid medical service it provided, plus interest, costs and attorney’s fees. The brief small claims complaint recited that Sonogram had provided “services to Shaunna Greene as the result of an 11/19/99 automobile accident As an unpaid provider, the plaintiff brings this contract action under G.L.c. 90, §34M for the non-payment of Personal Injury Protection Benefits.” The complaint did not specifically allege that Shaunna Greene was Metropolitan’s *69 insured under a standard Massachusetts automobile insurance policy.[1] On October 3, 2000, the trial court allowed Metropolitan’s G.L.c. 218, §24 motion to transfer the case to the regular civil docket Metropolitan failed to file an answer to the complaint hut no default was requested or entered.[2]
The case was tried without a jury. The very limited agreed statement of facts on this Rule 8B appeal indicates that the chiropractor who treated Shaunna Greene and ordered the sonogram (or ultrasound) by Sonogram testified that the procedure was medically necessary and aided him in his diagnosis and treatment of Greene. Sonogram’s representative testified that the bill for the procedure was reasonable. Sonogram did not introduce Metropolitan’s automobile insurance policy into evidence and did not elicit testimony as to its terms.
At the close of Sonogram’s evidence, Metropolitan filed two motions which were mislabeled as motions for a “directed verdict”[3] The first sought involuntary dismissal on the grounds of insufficient evidence that the medical procedure provided by Sonogram was necessary, that its bill was reasonable, and that Metropolitan had violated G.L.c. 90, §34M and the “insurance policy contract” by refusing to provide PIP benefits in payment of Sonogram’s hill. The trial judge denied Metropolitan’s motion, thereby ruling that there was sufficient evidence on each of those points to permit a finding for Sonogram. Metropolitan’s second motion sought involuntary dismissal on the sole ground that Sonogram had failed to introduce Metropolitan’s insurance policy, or the terms of that policy, into evidence. *70 The trial judge postponed disposition of that motion until the close of all the evidence. The defendant thereafter presented its own case. A summary of the defendants evidence is not before us.[4]
At the conclusion of all the evidence, the judge allowed Metropolitan’s second motion for dismissal on the specific and limited ground that the. insurance “policy was not placed into evidence.” This appeal followed.
In an action to recover benefits under an insurance policy, the plaintiff bears the initial burden of proving that the loss for which he seeks compensation is within the risks covered by the insuring clause of the policy. Highlands Ins. Co. v. Aerovox Inc., 424 Mass. 226, 230 (1997); Metivier v. Liberty Mut. Ins. Co., 1999 Mass. App. Div. 88, 89. The best evidence of the terms of the policy is the insurance contract itself which, as a general rule, must be introduced into evidence in support of the plaintiffs claim.
Where, however, the claim is for PIP benefits under the standard Massachusetts automobile insurance policy, the policy itself is not the only evidence of the terms, conditions and coverage of the compulsory insurance in question. The reason is that the standard Massachusetts auto policy is “one prescribed by statute, with standard language controlled by the Division of Insurance.” Jacobs v. United States Fidel. & Guar. Co., 417 Mass. 75, 76 (1994). See also Gomes v. Metropolitan Prop. & Cas. Ins. Co., 45 Mass. App. Ct. 27, 31 (1998). The “policy language parallels and must be construed consistently with G.L.c. 90, §34A” et seq. Bilodeau v. Lumbermens Mut. Cas. Co., 392 Mass. 537, 542 n.6 (1984). In feet “[t]he content of [the] policy is substantially dictated by statute.” Amica Mut. Ins. Co. v. Bagley, 28 Mass. App. Ct. 85, 90 (1989). “The statute which requires carrying no-fault insurance comprehends PIP as part of a motorists liability policy: ‘every motor vehicle liability policy ... executed in this Commonwealth shall provide personal injury protection benefits’ G.L.c. 90, §34M.” Id. at 88. Thus once the existence of a Massachusetts automobile policy, in effect on the date of the accident in question, is established, G.L.c. 90, §34M primarily sets forth those terms and conditions of the policy which are relevant to a PIP claim by an injured insured or an unpaid provider. Dismissal of such a claim for failure to introduce the insurance policy itself is not always required.[5]
The dispositive point in this case, however, is that there is nothing in the record before us to indicate that any evidence was introduced at trial to establish even that Greene’s automobile was in fact insured by Metropolitan on the date of her accident Our consideration of that point is largely precluded by the Rule 8B record submitted by the parties. The standard of review of a Rule 41(b) (2) motion is whether “anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could *71 be drawn in favor of the plaintiff.” Raunela v. Hertz Corp., 361 Mass. 341, 343 (1972). See also DeVito v. Cellular Mobile Communications, Inc., 1993 Mass. App. Div. 48, 48-49. However, given Sonogram’s Rule 8B appeal, no transcript of the evidence is before us.
Therefore, in the absence from the record before us of evidence introduced at trial to establish what we know was the actual feet of insurance in this case, tiie allowance of Metropolitan’s Rule 41(b) (2) motion is affirmed.
Appeal dismissed.
So ordered.

 There is no real question that Greene was in fact insured by Metropolitan on the date of her accident The only question on this appeal is whether evidence of that fact was presented at trial.

 Filing an answer to a small claims complaint is optional. Uniform Small Claims Rule 3(b). See Boat Maintenance & Repair Co. v. Lawson, 50 Mass. App. Ct. 329, 330 n.1 (2000). However, once a small claims case is transferred to the regular civil docket, the Mássachusetts Rules of Civil Procedure control. Former Rule 4(a) of the Uniform Small Claims rules, in effect on the date this action was filed, provided: “If the court orders such a transfer, the claim shall be entered on the court’s regular docket for hearing and determination as though it had been begun under the civil rules of court applicable to the department in which the case is pending. ...” Metropolitan was thus required to file an answer within 20 days pursuant to Mass. R Civ. P, Rule 12(a)(1). Effective January 1,2002, the amended Rule 4(a) of the Uniform Small Claims Rules now provides, in pertinent part “If the court orders such a transfer, the defendant shall serve and file an answer to the plaintiffs claim within 20 days of the date of such transfer. ...” Metropolitan failed to answer Sonogram’s complaint within the prescribed 20 days or at any time thereafter. Under such circumstances, a Mass. R Civ. R, Rule 55(a), default would have been in order. Cicchese v. Tape Time Corp., 28 Mass. App. Ct. 72, 74 (1989).
It should be noted that if Sonogram had specifically alleged that Greene was Metropolitan’s insured under a standard Massachusetts automobile insurance policy, Metropolitan’s attorney could not have filed an answer denying those facts without inviting Mass. R Civ. E, Rule 11 (a), sanctions. When an attorney has failed to demonstrate “a subjective good faith belief that [a] pleading was supported in both fact and law,” Rule 11 authorizes the imposition of sanctions, including attorney’s fees and costs. Van Christo Advertising, Inc. v. M/A-COM/LCS, 426 Mass. 410, 416 (1998); Vittands v. Sudduth, 49 Mass. App. Ct. 401, 412 (2000).

 It is elementary that there can be no motion for a “directed verdictf in a nonjury trial. Metropolitan’s motion should have been captioned and must he treated as one for involuntary dismissal pursuant to Mass. R Civ. R, Rule 41(b) (2). Dew v. Laufaci, 2001 Mass. App. Div. 95, 97; Prophete v. Polynice, 2000 Mass. App. Div. 194, 195.

 Having deferred disposition of Metropolitan’s second motion until the end of trial, the judge was free to consider any evidence offered by the defendant in deciding that motion. See, e.g., Polsinetti v. National Amusement, Inc., 1997 Mass. App. Div. 150, 151. There would otherwise be little point to postponing decision. Frequently, after the denial of a directed verdict or involuntary dismissal motion at the close of the plaintiff’s evidence, it is the defendant’s own evidence which supplies the necessary proof of elements missing from the plaintiffs case. Marrin v. Hall, 369 Mass. 882, 884-885 (1976); McMahon v. Finlayson, 36 Mass. App. Ct. 371, 374 n.6 (1994). The defendant’s evidence should have been included in the Rule 8B record before us.

 Metropolitan’s reliance on Taylor v. Hingham Mut. Fire Ins. Co., 2000 Mass. App. Div. 304, for the contrary proposition is misplaced. The homeowners’ insurance in that case was not compulsory, and the terms and conditions of the policy were not dictated by statute.