Merrick, J.
The defendant, Durcan-Cuddy Insurance Agency, Inc. (“Durcan-Cuddy”), has appealed a judgment in favor of the plaintiff, Thomas Lennon (“Lennon”), on his claim for the defendant’s negligent failure to procure insurance coverage. The gravamen of Lennon’s claim is that Durcan-Cuddy undertook to obtain insurance for an unoccupied building under renovation, but negligently obtained insurance that would not cover a building in that condition. When a broken pipe at the property caused substantial water damage, the insurer did not pay the claim. Over Durcan-Cuddy’s objection, Lennon testified at trial that John Cuddy, a principal of Durcan-Cuddy, told him that the claim had been denied by Citation Insurance Company (“Citation”), the insurer, because the insurance was “not the correct policy,” and because Lennon did not live on the property. The judge excluded from evidence the letter, written on behalf of Citation by its counsel, denying liability for the claim for a number of reasons. John Cuddy was present during the trial, but did not testify. The judge also charged the jury as to an inference that they could draw from the failure of Durcan-Cuddy to call John Cuddy as a witness. After trial, the jury found Durcan-Cuddy to be negligent, found Lennon to be fifty (50%) percent contributorily negligent,[1] and assessed damages in the amount of $60,000.00. The judge reduced the award to Lennon to $30,000.00.
Durcan-Cuddy’s appeal asserts error in the denial of its motions for a directed verdict and judgment notwithstanding the verdict (“judgment n.o.v.”), the admission of hearsay, the jury charge on failure to call John Cuddy as a witness, and the exclusion from evidence of Citation’s letter denying liability.
1. As a preliminary matter, Lennon argues that Durcan-Cuddy did not preserve its appellate rights on the denial of its motions for a directed verdict and judgment n.o.v. because it failed to renew its motion for a directed verdict at the conclusion of its own case. Michnik-Zilberman v. Gordon's Liquor, Inc., 390 Mass. 6, 8-9 (1983). A *148 defendant is not required to renew its motion, however, where its own evidence was “brief’ and “inconsequential.” King v. G & M Realty Corp., 373 Mass. 658, 659 n.3 (1977). In the present case, Durcan-Cuddy did not introduce any evidence at all. It proffered a “keeper of the records” of Citation to introduce the denial-of-liability letter for the underlying claim, which was excluded. The orders on the motions are properly before us for review.
2. The question on review of the denial of a motion for a directed verdict is whether “‘anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff.’” Masingill v. EMC Corp., 449 Mass. 532, 543 (2007), quoting Kelly v. Railway Express Agency, Inc., 315 Mass. 301, 302 (1943).
Lennon’s total recovery against Durcan-Cuddy was limited to the amount he proved that he would have recovered from Citation had Durcan-Cuddy properly performed its obligation to procure insurance. Rae v. Air-Speed, Inc., 386 Mass. 187, 196 (1982). Lennon’s claim for negligent procurement of insurance required evidence that Citation would not, and could not, be compelled to pay the claim. MacGillivary v. W. Dana Bartlett Ins. Agency of Lexington, Inc., 14 Mass. App. Ct. 52, 57-58 (1982) (no evidence that unlicensed insurer, negligently selected by broker, unable to pay plaintiff’s claim). “Since the plaintiff[‘s] contract claim is based on [Durcan-Cuddy’s] failure to procure coverage, [his] damages are measured by the amount [he] could have recovered under the insurance policy had [Durcan-Cuddy] properly procured it.” Capital Site Mgt. Assocs. v. Inland Underwriters Ins. Agency, Ltd., 61 Mass. App. Ct. 14, 19 (2004) (insured not entitled to replacement cost payment from negligent broker absent evidence he would have repaired the building, triggering such coverage).
Both parties assiduously avoided dealing with the question of the merits of the other defenses raised in Citation’s written denial of liability. Durcan-Cuddy eschewed any effort to prove that the defenses mentioned in the proffered denial letter were substantial and would have resulted in nonpayment even if the vacancy or unoccupancy defenses did not exist. Lennon not only failed to rebut the assertions in the denial letter, but he also objected to the admission of the denial itself. Lennon’s claim required proof that Citation would have prevailed on a defense of vacancy or unoccupancy on the policy issued,[2] and that such a defense would not have been available to it on the policy that should have been obtained. The only evidence to support this conclusion is Lennon’s testimony of Cuddy’s admission. Neither the policy that was issued, nor an exemplar of the one that should have been issued, was in evidence. The next question is whether Citation would have prevailed on the other defenses recited in its denial letter, most prominently, whether the pipe burst was intentionally caused by Lennon. We are unable to assess the sufficiency of the evidence on this point, or even assign the burden of proof on the issue, without knowledge of the terms of the relevant insuring clause.
Ordinarily, the insured making a claim against an agent or broker has the same burden as he would have had against the insurer to place the claim within the insur *149 ing clause of the policy that should have been obtained, see Highlands Ins. Co. v. Aerovox Inc., 424 Mass. 226, 230 (1997), and the negligent agent or broker would have the insurer’s burden of proving that the loss is excepted from coverage by a contract exclusion or otherwise (apart from the defense created by the agent or broker’s negligence). See Murray v. Continental Ins. Co., 313 Mass. 557, 563 (1943); Taylor v. Hingham Mut. Fire Ins. Co., 2000 Mass. App. Div. 304. If the policy that should have been issued here was an “all risks” policy, Lennon would have the burden of proving that the loss was “fortuitous.” HRG Dev. Corp. v. Graphic Arts Mut. Ins. Co., 26 Mass. App. Ct. 374, 376 (1988).
Even taking the evidence in the light most favorable to the plaintiff, Providence & Worcester R.R. v. Chevron U.S.A. Inc., 416 Mass. 319, 321 (1993), the only evidence that Durcan-Cuddy’s negligence caused Lennon any injury was Lennon’s testimony of John Cuddy’s admission, plus any inference that might be drawn from the fact that Cuddy was present in the court room for the entire trial, but was not called as a witness.
In the absence of evidence of the contents of the policy establishing the burdens of proof, we cannot consider the rulings on the motions for directed verdict and judgment n.o.v. Nor must we, as the case turns on another issue as discussed below.
3. Lennon, as we have noted, was permitted, over objection, to testify that John Cuddy had told him that Citation did not pay the claim because the insurance was “not the correct policy,” and because Lennon did not live on the property. It may be, as Durcan-Cuddy appears to argue, that Cuddy’s statements were not admissible as vicarious admissions of Citation because Cuddy was not “authorized to act on the matters about which he spoke.” Thorell v. ADAP, Inc., 58 Mass. App. Ct. 334, 339 (2003). His statements were, however, admissible as admissions of Durcan-Cuddy. Evidentiary admissions of a party opponent are not rendered inadmissible because they constitute opinion, conclusion, or secondhand knowledge. Mattoon v. Pittsfield, 56 Mass. App. Ct. 124, 137 (2002). “[T]he vast majority of admissions that become relevant in litigation concern some matter of substantial importance to declarants upon which they would likely have informed themselves. As a result, most admissions possess greater reliability than the general run of hearsay, even when not based on firsthand observation.” 2 McCORMICK, EVIDENCE §255, at 183 (6th ed. 2006).
4. Over Durcan-Cuddy’s objection, the trial judge charged the jury that it could draw an adverse inference against Durcan-Cuddy from its failure to call John Cuddy to testify. Since Cuddy was present during the trial, Durcan-Cuddy argues that he was equally available to both parties. Availability to both parties is not the only issue, however.
Where a party has knowledge of a person who can be located and brought forward, who is friendly to, or at least not hostilely disposed toward, the party, and who can be expected to give testimony of distinct importance to the case, the party would naturally offer that person as a witness. If, then, without explanation, he does not do so, the jury may, if they think reasonable in the circumstances, infer that that person, had he been called, would have given testimony unfavorable to the party.
Commonwealth v. Schatvet, 23 Mass. App. Ct. 130, 134 (1986). The trial judge’s charge to the jury on that issue was proper.
*150 5. Durcan-Cuddy offered into evidence a letter from Citation’s attorney to Lennon’s attorney, dated January 20,2005, which constituted the denial of liability for the underlying claim. The letter is four single-spaced typewritten pages in a somewhat pettifogging style listing six different reasons for the denial of liability, only one of which might be construed to refer to the vacancy or unoccupancy issue, to wit:
1. The Citation Insurance Company believes, that on the basis of the information that has been gathered during its investigation to date, that the insured misrepresented and concealed material information to the Citation Insurance Company relating to the intended and actual use of the insured property during the term of the policy and that said matters misrepresented increased [sic] the risk of loss and were made by the insured with the intent to deceive the Citation Insurance Company.
Apart from the question whether that language would preserve a defense of vacancy or unoccupancy on a claim for a building innocently described as occupied, the denial letter lists five other grounds for the denial of liability. These included that the loss was caused by “intentional acts on the part of the insured,” that the loss was “not fortuitous in nature,” “that the insured has engaged in fraud and false swearing,” “that the insured has knowingly and intentionally exaggerated the extent of his financial loss,” and that the insured has failed to comply with the policy provision regarding a sworn statement in proof of loss.
Durcan-Cuddy had a “keeper of records” from Citation present in the court room to testify to the letter; and Lennon’s counsel, who received the letter, was also present. Lennon’s counsel did not object on the basis of authentication, but on the grounds of relevance and hearsay. Citation’s denial letter was properly offered, not for the truth of the statements therein, but on the “central issue in the underlying dispute, namely, the existence and terms” of the Citation denial, which Lennon claims would not have occurred but for Durcan-Cuddy’s negligence. Shimer v. Foley, Hoag & Eliot LLP, 59 Mass. App. Ct. 302, 309 (2003). The denial of liability is a legal act consisting of operative words that “are not offered for the truth of the matter asserted but to prove that the statements were made, giving rise to legal rights and duties.” Fahey v. Rockwell Graphic Sys., Inc., 20 Mass. App. Ct. 642, 654 (1985).
Moreover, Lennon had testified that, to his knowledge and based upon the statement by John Cuddy, there was only one ground for the denial of liability. The letter was admissible to impeach that assertion.[3] “An extrajudicial statement is not hearsay when offered to prove that the person to whom it was addressed had notice or knowledge of the contents of the statement.” Pardo v. General Hosp. Corp., 446 Mass. 1, 18 (2006), quoting P.J. LIACOS, M.S. BRODIN & M. AVERY, MASSACHUSETTS EVIDENCE §8.2.2, at 466 (7th ed. 1999).
The exclusion of the denial letter was error. Since the only evidence supporting liability was Lennon’s testimony of an oral description by John Cuddy of the basis for Citation’s denial, which was at odds with the actual denial letter, the error cannot be said to be harmless.
*151 The judgment is vacated. The case is returned to the Attleboro Division of the District Court Department for a new trial.
So ordered.

 Lennon did not appeal this finding apparently because of his negligent breach of his own duty to examine the policy. See Mundy v. Lumberman’s Mut. Cas. Co., 783 F.2d 21, 22 (1st Cir. 1986).

 It may be that, absent a binding stipulation on this subject, Citation is an indispensable party to this action under Mass. R. Civ. R, Rule 19. See Southeastern Ins. Agency, Inc. v. Lumbermens Mut. Ins. Co., 423 Mass. 1008, 1010 (1996).

 Durcan-Cuddy’s trial counsel did not attempt to use the letter while Lennon was testifying.