732            81 Mass. App. Ct. 732 (2012)

Cumberland Farms, Inc. *v.* Framingham Division of the District Court Department.

## Cumberland Farms, Inc. *vs.* Framingham Division of the District Court Department & another.[1]

No. 11-P-1286.

Middlesex. March 1, 2012. - May 11, 2012.

Present: Kantrowitz, Wolohojian, & Sullivan, JJ.

*District Court,* Clerk-Magistrate, Small claims procedure. *Practice, Civil,* Action in nature of certiorari, Motion to dismiss. *Uniform Small Claims Rules.*

This court concluded that an assistant clerk-magistrate presiding over a small claims action in the District Court has authority to act on a contested motion, under Uniform Small Claims Rule 7(f); therefore, a Superior Court judge properly allowed a motion to dismiss a petition for certiorari challenging the actions taken by an assistant clerk-magistrate in the District Court in ruling on such motions. [734-735]

Civil action commenced in the Superior Court Department on January 18, 2011.

A motion to dismiss was heard by *Leila R. Kern,* J.

*Brian E. Glennon, II,* for the plaintiff.

*Brent Gilbert* for Casella Waste Management, Inc.

*David R. Marks,* Assistant Attorney General, for Framingham Division of the District Court Department.

Kantrowitz, J. In this case we are asked to resolve whether an assistant clerk-magistrate presiding over a small claims action has the authority to act on contested motions. We conclude that an assistant clerk-magistrate does.

*Facts.* Cumberland Farms, Inc. (Cumberland), filed an action in the small claims session of the District Court against Casella Waste Management, Inc. (Casella), after power lines attached to one of Cumberland's stores were struck and damaged by a

---

[1]Casella Waste Management, Inc.

Casella truck three years earlier.[2] Cumberland originally sought damages in the amount of $17,528.12.[3] Approximately eleven months later, Cumberland discovered additional damages and moved to amend its statement of small claim to add claims pursuant to G. L. c. 93A and G. L. c. 176D, and to seek damages in the amount of $58,328.12.

The motion was denied by an assistant clerk-magistrate, who also denied Cumberland's motion for reconsideration and to transfer the case to the District Court civil trial session. Cumberland then sent a letter to the assistant clerk-magistrate challenging his authority to rule on the contested motions. The assistant clerk-magistrate disagreed.

Cumberland petitioned the Superior Court for certiorari, pursuant to G. L. c. 249, § 4.[4] Casella moved to dismiss, as did the Attorney General, who was acting on behalf of the District Court. A judge in the Superior Court allowed the motions to dismiss, ruling that the assistant clerk-magistrate acted within his authority, and that the complaint thus failed to establish any error of law on the record, a necessary element of certiorari relief.[5]

On appeal, Cumberland claims its complaint was wrongly dismissed because the assistant clerk-magistrate presiding over the small claims action did not have the authority to rule on contested motions.[6] We affirm.

---

[2]The accident occurred on November 27, 2006; suit was filed on November 5, 2009.

[3]The small claims damage limitation did not apply as the claim relates to property damage caused by a vehicle. See G. L. c. 218, § 21.

[4]Trial in the small claims session was set for January 12, 2011, but, due to inclement weather, continued for one week, to January 19. Cumberland filed its certiorari action on January 18.

[5]Certiorari relief requires four elements: "(1) a judicial or quasi judicial proceeding (2) from which there is no other reasonably adequate remedy (3) to correct substantial error of law apparent on the record (4) that has resulted in manifest injustice to the plaintiff or an adverse impact on the real interests of the general public." *State Bd. of Retirement* v. *Woodward*, 446 Mass. 698, 703-704 (2006).

[6]Cumberland also claims that the motion judge wrongfully decided the underlying legal issue in response to a motion to dismiss. The judge acted correctly. See *State Bd. of Retirement* v. *Woodward*, 446 Mass. at 704 ("Whether a complaint adequately alleges a claim for relief in the nature of certiorari may be tested by means of a motion to dismiss").

*Authority of clerk-magistrate.* General Laws c. 221, § 62C(*b*), inserted by St. 1978, c. 478, § 250, provides that District Court clerk-magistrates have the power to "hear and rule on any uncontested non-evidentiary motion as may be allowed by rule of court." Similarly, in *Boat Maintenance & Repair Co.* v. *Lawson,* 50 Mass. App. Ct. 329, 332 (2000), this court held that "[w]hile clerk-magistrates are authorized to hear and decide small claims . . . their authority to hear and rule on motions is limited by G. L. c. 221, § 62C(*b*). Motions upon which a clerk-magistrate may act must be (1) uncontested, (2) non-evidentiary, and (3) specifically allowed by rule of court." The opinion specifically noted that there was no District Court rule to the contrary. *Ibid.*

Nine months prior to the decision in *Boat Maintenance & Repair Co., supra,* the Supreme Judicial Court decided *Trust Ins. Co.* v. *Bruce at Park Chiropractic Clinic,* 430 Mass. 607 (2000). In *Trust Ins. Co.,* a contested motion for attorney's fees in a small claims action was decided by a District Court judge. *Id.* at 608. In a footnote, the court noted that "[t]he record is silent as to the reason a judge, and not the clerk-magistrate, conducted the hearing on attorney's fees. There is nothing in G. L. c. 90, § 34M, to suggest that a clerk-magistrate could not determine the question of attorney's fees." *Id.* at 608 n.2.

In response to these cases the District Court in 2001 amended, pursuant to G. L. c. 218, §§ 21-25, its Uniform Small Claims Rules (as further amended October 1, 2009).[7] Uniform Small

---

[7]General Laws c. 218, § 21, as appearing in St. 1992, c. 379, § 135, provides that "[t]he Chief Justice for the district court department shall make uniform rules with respect to the procedure applicable to all the courts within said department . . . ." Section 22 of G. L. c. 218 states that "[t]he procedure may include the modification of any or all rules of pleading and practice, anything contained in other chapters, sections or acts notwithstanding . . . ."

We read the authorization of G. L. c. 218, § 22, to override the negative inference of G. L. c. 221, § 62C(*b*). The latter section, as inserted by St. 1978, c. 478, § 250, provides, "A magistrate . . . , in addition to his powers and duties as clerk, *may* . . . (b) hear and rule on any *uncontested non-*evidentiary motions as may be allowed by rule of court . . . ." (emphasis added). However, G. L. c. 218, § 22, permits an override of limitations "contained in other chapters, sections or acts" by proper District Court rule-making upon "procedure." The cited dicta of the Supreme Judicial Court and the statutory purpose of the small claims system reinforce this conclusion. We

Claims Rule 7(f)[8] was revised to provide that "[a] small claim action shall generally be tried, and pretrial and post-judgment motions relating to such trials shall generally be determined, by a magistrate." The comment to the 2001 amendment states that "magistrates may determine contested motions in small claims actions."[9] As the District Court statutorily had the power and authority to rewrite the rule, it permissibly did so in this instance.

Our conclusion also furthers the legislative purpose of the statute creating the small claims sessions. See *McLaughlin* v. *Municipal Ct. of the Roxbury Dist.*, 308 Mass. 397, 401 (1941) (statute intended to provide " 'simple, prompt, and informal means, at small expense, for adjudication of' small claims"). See also G. L. c. 218, § 21 (procedure is to be "simple, informal and inexpensive"). Requiring every contested pretrial or post-judgment motion to be referred by a clerk-magistrate to a judge runs contrary to the statute's rationale.

Lastly, the Uniform Small Claims Rules, which are promulgated by the District Court, are "subject to the approval of the supreme judicial court." G. L. c. 218, § 21. If a change in the rule is sought, the better route would be either to the Supreme Judicial Court or to the rules committee. See *Gerber* v. *Worcester*, 1 Mass. App. Ct. 811, 812 (1973); *Commonwealth* v. *Pugh*, 2 Mass. App. Ct. 903, 904 (1974).[10]

*Judgment affirmed.*

---

also note that G. L. c. 218, § 21, was amended after the pertinent part of G. L. c. 221, § 62C(*b*), was written, thus indicating a more recent expression of the Legislature's intent. See *Doe* v. *Attorney Gen. (No. 1)*, 425 Mass. 210, 215-216 (1997).

[8]At its inception, rule 7(f) initially appeared as rule 7(d).

[9]The comment addressed the holding in *Boat Maintenance & Repair Co.*, *supra*, but pointed out that the opinion failed to acknowledge the earlier Supreme Judicial Court decision of *Trust Ins. Co.*, *supra*. As is evident from our opinion in the instant case, to the extent that *Boat Maintenance & Repair Co.* holds otherwise, it is overruled.

[10]As the issue presented was in need of clarification, the appeal was not frivolous. As such, the appellees' request for costs and attorney's fees is denied.