Curran, Dennis J., J.
Northwest Farm Credit Services filed this action against the individual defendants and the trustee defendant brokerage firm in an effort to collect a judgment rendered by an Idaho court. Donald F. Miller and Candace W. Miller (collectively “the Millers”) now request that the Court dismiss Northwest’s claim under Rule 12(b)(7) because of Northwest’s alleged failure to add an indispensable parly. The Millers argue that joinder of Idaho First Bank is compulsory because it holds a senior security interest in the brokerage account that Northwest seeks to use to enforce the Idaho judgment. The Millers’ argument is unfounded because Northwest seeks only to enforce an Idaho judgment in Massachusetts and Idaho First Bank was not a party to that judgment. Idaho First Bank simply has a security interest in some of the Millers’ assets that are held by a Massachusetts firm. While Idaho First Bank will undoubtedly wish to protect its interest in those assets from any execution, it is not an indispensable party under Rule 19 in a claim against the Millers. Northwest is well within its power to seek a j udgment against the Millers in Massachusetts even if the Millers had no assets in this state.
For these reasons, the Millers’ motion must be DENIED.
BACKGROUND
On January 31, 2012, Northwest filed suit in Valley County, Idaho against numerous parties, including the Millers, regarding the foreclosure of some real estate mortgages. On March 19,2013, the Idaho Court entered a deficiency judgment against the Millers in the amount of $2,105,986.16, plus interest accruing at a rate of 5.25%. Additionally, on May 6, 2013, the Idaho Court allowed Northwest’s motion for attorney fees and costs in the amount of $29,594. The final Idaho judgment then totaled $2,135,580.16. The Millers have yet to pay any of the Idaho judgment and owed Northwest $2,235,599.34 as of April 30, 2014.
*187 After obtaining the Idaho judgment, Northwest became aware of a securities account in the Millers’ names held by Commonwealth Financial Network, a company based in Waltham, Massachusetts. On May 2, 2014, in an attempt to recover funds to satisfy the Idaho judgment, Northwest commenced this action to enforce the Idaho judgment in Massachusetts. On May 2, 2014, the Court granted Northwest’s Motion for an Ex Parte Trustee Process Attachment.
Before the Idaho judgment issued, the Millers assert that they entered into a commercial loan agreement with Idaho First Bank, whereby they assigned the bank an interest in their account at Commonwealth Financial Network. Further, the Millers contend that they entered into an Account Control Agreement "with Commonwealth Financial Network and Idaho First Bank on January 18, 2013 which limits how and when the Millers can access funds in the Commonwealth Financial Network account. The Millers also provided First Idaho Bank with a Commercial Pledge Agreement, which further limited the Millers’ rights with respect to the Commonwealth Financial Network account.
On May 6, 2014, counsel for Northwest notified Idaho First Bank of this lawsuit and the trustee process attachment.
DISCUSSION
When faced with a motion to dismiss under Mass.RCiv.P. 12(b)(7) the Court must refer to the procedure set out in Mass.R.Civ.P. 19 to determine whether the claim must dismissed. See Hamilton v. Conservation Comm’n of Orleans, 12 Mass.App.Ct. 359, 370-72 (1981). The first inquiry under Rule 19 is whether a person, or entity, that is not a parfy should be joined in the action if possible.[2] When conducting this inquiry, the Court will ask whether “complete relief’ can be awarded despite the non-party’s absence, and whether any relief granted may “as a practical matter impair or impede [the non-party’s] ability to protect [its] interest” in the subject matter of the lawsuit. Mass.R.Civ.P. 19(a).
Northwest’s complaint contains one claim for recognition and enforcement of a foreign judgment and a second claim for trustee process attachment of the Commonwealth Financial Network account assets. The Millers present no grounds as to how Idaho First Bank has any interest in count one. However, the Millers contend that Idaho First Bank has a superior security interest in the funds held by Commonwealth Financial Network for the Millers by virtue of the Account Control Agreement and Commercial Pledge Agreement. This security interest, the Millers argue, means that Idaho First Bank’s position could be prejudiced if the trustee process attachment is granted to secure any potential Massachusetts judgment Northwest may obtain under count one.
The security interest Idaho First Bank obtained in the Commonwealth Financial Network account stems from a commercial revolving line of credit that the bank provided to the Millers. Conceivably, the Millers will pay back that line of credit and the bank will disclaim any interest in the Millers’ assets, including the Commonwealth Financial Network account. If this Court were to wait for that to happen before allowing Northwest’s claims to go forward, then the Millers could again use the account’s assets to obtain a new line of credit, whereby this process would begin anew. However, if this case goes forward and Northwest will be able to secure its position in regard to the account assets so that any future creditors would take an interest in the account assets second to Northwest.
At this juncture in the proceedings, any harm that Idaho First Bank could suffer is speculative. The Millers may choose to pay the Idaho judgment before any judgment issues in Massachusetts or they may elect to pay any future Massachusetts judgment before Northwest attempts to execute the judgment byway of the Commonwealth Financial Network account. Likewise, Idaho First Bank could be content with the other assets that the Millers have provided as collateral or it may leave it to the Millers to defend the bank’s interest. Because this Court may award complete relief without Idaho First Bank as a parfy and the interest Idaho First Bank holds is speculative at this point, the Court finds that Idaho First Bank is not a necessary parfy under Mass.RCiv.P. 19(a).[3],[4] While counsel for the Millers has provided a strong argument for the Millers’ position, the dearth of authority in this subject area would require the Court to stretch the relevant case law further than it is comfortable doing.
While this Court’s determination under Mass.RCiv.P. 19(a) renders the 19(b) inquiry moot the factors outlined in that section do not support the Millers’ request that the claims be dismissed.[5] The four factors outlined in Rule 19(b) attempt to balance the equities between a plaintiff facing dismissal of its action and a non-party whose rights or interests may be prejudiced if the case was to continue without it[6] Here, if Northwest’s claims are dismissed it will be unable to levy against what are, presumably, the few assets it can find in order to collect its $2 million judgment. Likewise, any prospective judgment could balance Idaho First Bank’s security interest with Northwest’s ability to collect on an outstanding judgment. Finally, Idaho First Bank has other options under which it may protect its security interest in the account, namely, a motion to intervene under Mass.RCiv.P. 24. See J.W. Smith & H.B. Zobel, Rules Practice §19.8 at 307 (2d ed. 2006) (“[Hhe availability of intervention is a weighable equity” when conducting Rule 19(b) analysis).
ORDER
For these reasons, the Millers’ motion to dismiss is DENIED.

Section (a) of Rule 19 states, in pertinent part:
(a) Persons to Be Joined if Feasible. Aperson who is subject to service of process shall be joined as a parfy in the action *188 if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party.

If the circumstances change and justice so requires, this Court recognizes that it may raise the absence of an indispensable party at any time on its own motion. See Southeastern Ins. Agency, Inc. v. Lumbermens Mut. Ins. Co., 423 Mass. 1008, 1010 (1996).

At first glance, it appears that personal jurisdiction over Idaho First Bank would be proper because the account in which the bank chose to take a security interest is located in the Commonwealth. Generally, a non-resident party is subject to personal jurisdiction in Massachusetts if jurisdiction is authorized by statute and the exercise of jurisdiction comports with basic due process requirements. See G.L. 223A, §3; Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 6 (1979). The transaction of business clause in Section 3(a) has been taken more generally and an entity does not need to be physically present in this state to transact business in this state. See Workgroup Tech. Corp. v. MGM Grand Hotel, LLC, 246 F.Sup.2d 102, 109-10 (D.Mass. 2003). At this early stage in the litigation, the record is insufficient to conduct a full inquiry as to the propriety of personal jurisdiction over Idaho First Bank.

Rule 19(b) provides that:
(b) Determination by Court Whenever Joinder Not Feasible. If a person as described in subdivision (a)(l)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person’s absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person’s absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

“Rule 19(b) takes a functional, pragmatic view of the (joinder] question. An indispensable party is a party without whom it would be inequitable and unfair to allow the litigation to proceed. Like any equitable remedy, a decision as to indispensability under Rule 19(b) rests on sound judicial discretion, informed by a realistic analysis of the facts of each case.” J.W. Smith & H.B. Zobel, Rules Practice §19.8 at 307 (2d ed. 2006).